**Fauzan FASYA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–72435.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2011.*

Filed July 19, 2011.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Albert C. Lum, Sr., Esquire, Law Office of Albert C. Lum, Pasadena, CA, for Petitioner.

Richard Zanfardino, Trial, U.S. Department of Justice, Washington, DC, Cac–

District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

## MEMORANDUM **

Fauzan Fasya, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order summarily affirming his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006), and we deny the petition for review.

■ The record does not compel the conclusion that Fasya established he suffered past persecution when he witnessed two Chinese people being beaten. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003). Substantial evidence supports the agency's finding that, even as a member of a disfavored group of Chinese Indonesians, Fasya has not established a well-founded fear of future persecution because there is no evidence that he faces an individualized risk of harm. *Cf. Sael v. Ashcroft*, 386 F.3d 922, 925 (9th Cir.2004); *see Lolong v. Gonzales*, 484 F.3d 1173, 1179

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(9th Cir.2007) (en banc). Accordingly, Fasya's asylum claim fails.

■ Because Fasya failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye,* 453 F.3d at 1190.

■ Finally, substantial evidence supports the agency's denial of CAT relief because Fasya failed to establish it is more likely than not that he will be tortured if returned to Indonesia. *See Wakkary v. Holder,* 558 F.3d 1049, 1067–68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.